[For collateral proceedings in this litigation, see note to Case No. 10,814.]

## Case No. 10,819.

### In re PATTERSON.

[See Case No. 10,815.]

## Case No. 10,820.

### In re PATTERSON.

[1 N. B. R. 161; [1] Bankr. Reg. Supp. 35.]

District Court, S. D. New York. Nov. 11, 1867.

BANKRUPTCY — EXAMINATION OF BANKRUPT — REFUSAL OF BANKRUPT TO ANSWER—CERTIFICATE.

Where a question was put to the bankrupt under examination which he refused to answer, *held*, no decision could be given as to the question raised, because the certificate did not disclose what interrogatories preceded the one which witness refused to answer.

By JAMES F. DWIGHT, Register:

Facts: The bankrupt [Charles G. Patterson] being duly under examination, was asked this question by Mr. Benedict, counsel for the creditors, Tupper & Beattie: "Q. 128. Have you since that time, a year ago, and before the commencement of these proceedings in bankruptcy, lost any part of your property in gaming? Answer. Under advice of my counsel I decline answering the question, for the reason that so far as the question relates to time antecedent to the passage of the act [of 1867 (14 Stat. 517)], the question is incompetent, immaterial, and irrelevant, and not within the scope of the examination warranted under the twenty-sixth section of the act." And the register overruled the objection, and directed the question to be answered. And the bankrupt, under advice of his counsel, declined so to do until so ordered by the judge. Whereupon Mr. Benedict prayed that the question might be certified to the judge for his decision thereon.

For the same reason set forth at length in the question certified to his honor the judge, on the 30th of October, I think the question a proper one, and that the bankrupt should be directed to answer it. [Case No. 10,816.] The decision of the judge on the question

1 [Reprinted from 1 N. B. R. 161, by permission.]

referred to, was to the effect that the former question covered time subsequent to proceedings commenced by the bankrupt, and was therefore improper. I think that with the limitation of the question as put now, it should be answered as not controlled by that decision. Which facts and opinion are respectfully submitted to his honor for his decision, with the remark that I think there is much in this case done by the bankrupt (shielding himself behind the advice of his counsel), that it is intended for delay only.

BLATCHFORD, District Judge. It is impossible for the court to decide as to the question raised, for the reason that the certificate does not show what interrogatories preceded the one which the witness refused to answer.

The clerk will certify this decision to the register, James F. Dwight, Esq.

[For collateral proceedings in this litigation, see note to Case No. 10,814.]